# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

HENRY LEON DIXON                                                          PLAINTIFF

VERSUS                                 CIVIL ACTION NO. 1:08-cv-1416-LG-RHW

SHERIFF DAVID ALLISON                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER
## DISMISSING THE PLAINTIFF'S COMPLAINT

The Plaintiff, an inmate of the Pearl River County Jail, Poplarville, Mississippi, filed a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status. On November 20, 2008, this Court entered an order [3] directing the Plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3), if he wished to continue with this lawsuit or a Notice of Voluntary Dismissal (Form PSP-4), if he did not wish to continue with this lawsuit, within thirty days. The Acknowledgment of Receipt and Certification (Form PSP-3), states in part,

> "[I] have read the above statements [provisions of the PLRA], and fully understand that I am obligated to pay the full filing fee, even if I do not have enough money at this time. I have read the above statements, and fully understand that if this lawsuit is dismissed on grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, I may be barred from filing further lawsuits or appeal a judgment of this Court, and I may lose up to 180 days of earned 'good time' credits, if I am confined within the Mississippi Department of Corrections."

*Order [3]* at 5. The envelope [5] containing the November 20, 2008 order [3] was returned to this Court on December 2, 2008, by the postal service with the notation " return to sender - unable to deliver or forward." The Plaintiff was warned previously by this Court in the notice of assignment as well as the order [3] entered November 20, 2008, that his failure to keep this

Court informed of his current address or his failure to timely comply with a court order could result in the dismissal of this case.

Out of an abundance of caution, on January 15, 2009, an order [6] was entered directing the Plaintiff to show cause, within fifteen days, why this case should not be dismissed for his failure to comply with the Court's order [3] of November 20, 2008. The Order [6] also warned the Plaintiff that his failure to keep this Court informed of his current address or his failure to timely comply with a court order would result in the dismissal of this case. On January 26, 2009, the envelope [7] containing the January 15, 2009 order [6] was returned to this Court by the postal service with the notation " return to sender - unable to deliver or forward."

According to the court record, the Plaintiff has failed to keep this Court informed of his current address and he has failed to comply with two court orders. It is apparent from the Plaintiff's failure to communicate with this Court concerning his change of address that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Fed. R. Civ. P. 41(b) and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a " sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

The Plaintiff has not provided a forwarding address nor has he contacted this Court since November 20, 2008. The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under FED. R. CIV. P. 41(b) is proper. Since the Defendant has never been called upon to respond to the Plaintiff's pleading, and has never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will be without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiff's Complaint shall be dismissed without prejudice. A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 26th day of February, 2009.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE
